Richardson, Tyler & Troubh, Harrison L. Richardson (orally), Portland, for plaintiffs.

Fales & Fales, P.A., Stephen B. Wade (orally), Lewiston, for defendants.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

The defendants Arthur L. Berry and Longreach Company appeal from an order of the Superior Court (Sagadahoc County) that accepted and adopted the report of a referee declaring title to two strips of property in the City of Bath to be in the plaintiffs, Bathport Building, Inc. and David F. Mahoney. The plaintiff Bathport Building, Inc. cross-appeals claiming as error the referee's conclusion that the defendants possessed an easement across a portion of Bathport's land. On appeal the defendants urge that the referee erred in refusing to make findings of fact and conclusions of law. Additionally, they contend that the

**BATHPORT BUILDING, INC. and David F. Mahoney**

v.

**Arthur L. BERRY and Longreach Company.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1982.

Decided Oct. 29, 1982.

---

referee considered their claim on the theory of adverse possession alone, and failed to consider their entitlement to the land by virtue of their activity in filling an area which was previously navigable water. Because we find that the referee erred in failing to make further findings, we vacate the judgment of the Superior Court and remand.

Immediately following the filing of the referee's report on September 22, 1981, the defendants filed an objection to the report and a request for findings of fact and conclusions of law. The referee declined to make findings of fact and conclusions of law on the ground that the rules of civil procedure did not allow a referee to make supplemental findings following initial submission of a report to the Superior Court.

Prior to August 7, 1981, the referee would have been correct in his statement of the applicable law. However, after that date and on the date he ruled, an amendment to M.R.Civ.P. 53 specifically provided for a referee to make additional reports on motion of a party filed within five days of notice of filing of the referee's report. M.R.Civ.P. 53(e)(5). Since the defendants' motion for additional findings was timely, the refusal was error. We, therefore, vacate the judgment of the Superior Court and remand the case for further findings of fact and conclusions of law.[1]

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

---

1. We also note that the Superior Court directed the clerk to enter judgment in accordance with the recommendations of the referee. M.R. Civ.P. 58 requires that the court with the assistance of counsel "settle or approve the form of the judgment." The Court should not leave interpretation of the referee's recommendations to the clerk.